UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERILYNNE JONES,

                  Plaintiff,

v.

UNITED ADJUSTMENT
CORPORATION,

                  Defendant.

_____/

Case No. 2:20-cv-11359

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
<u>PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [19]</u>**

The Court granted in part default judgment to Plaintiff Jerilynne Jones in the present Fair Debt Collection Practice Act ("FDCPA") case. ECF 13. The Court declined to award attorneys' fees because the Court lacked evidence that detailed the hours that Plaintiff's counsel worked. *Id.* at 36. Plaintiff then moved for attorneys' fees and costs, ECF 15, which the Court denied without prejudice because it included time entries from an earlier, unsuccessful case, ECF 18. Plaintiff then renewed her motion. ECF 19.[1] For the following reasons, the Court will grant the renewed motion.

**LEGAL STANDARD**

The FDCPA makes defendants liable for "the costs of the action, together with a reasonable attorneys' fee" of a successful plaintiff. 15 U.S.C. § 1692k(a)(3). The determination of a reasonable attorney fee "is a matter that is committed to the sound

_____

[1] Based on the briefing, the Court will resolve the motion without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

discretion of a trial judge." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 558 (2010). "[T]he primary concern is that the fee awarded be 'reasonable.' A reasonable fee is 'adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (cleaned up). The Court possesses substantial discretion to award fees, but "must provide a clear and concise explanation of its reasons for the fee award." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quotation and citation omitted).

The Court begins its attorneys' fee award calculation by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The calculation provides the Court with the "fee applicant's 'lodestar.'" *Adcock-Ladd*, 227 F.3d at 349 (citations omitted). The Court may, "within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Id.* (citation omitted).

Twelve factors influence the Court's adjustment of a fee award. *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Disabled Patriots of Am., Inc. v. Taylor Inn Enterps., Inc.*, 424 F. Supp. 2d 962, 965–66 (E.D. Mich. 2006) (quotation and citation omitted); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation."). The Court's analysis may subsume many factors. *See Hensley*, 461 U.S. at 434 n.9 (recognizing that a court's lodestar calculation may tacitly consider some of the *Johnson* factors).

## DISCUSSION

The Court will first address the two lodestar factors: reasonableness of hourly rate and reasonableness of hours worked. *Hensley*, 461 U.S. at 433. The Court will consider one relevant *Johnson* factor: amount involved and the results obtained. *Adcock-Ladd*, 227 F.3d at 349. Last, the Court will calculate and award the correct attorneys' fees and costs amount.

I.   <u>Reasonable Hourly Rate</u>

To determine a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The $375 hourly rate for Messrs. Nitzkin and Schwartz is reasonable because both have had more than a decade of legal experience litigating consumer debt cases. ECF 19, PgID 97; *see also* ECF 19-2. The State Bar of Michigan's Economics of Law

Practice Survey 2020 supports the reasonableness of their hourly rates. ECF 19-3; *see Hazzard v. Schlee & Stillman, LLC*, No. 13–10038, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014) *R. & R. adopted by* 2014 WL 634205 (Feb. 18, 2014) (noting that the Eastern District generally accepts the State Bar of Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates for attorneys). The survey reports that the median hourly rate for consumer debt collections attorneys is $250. ECF 19-3, PgID 1166. Messrs. Nitzkin's and Schwartz's $375 hourly rates are therefore reasonable given their decades of experience in consumer debt collection law.

The paralegal billed at a $160 hourly rate. ECF 19-2, PgID 102. A $160 hourly rate for paralegal services is reasonable and commensurate with other recent rulings in the Eastern District of Michigan. *See Greene v. Equifax Info. Servs., LLC*, No. 19-CV-11094, 2021 WL 5444768, at *2 (E.D. Mich. Mar. 15, 2021) (approving a $160 hourly rate for paralegal services); *Atallah v. L. Off. of Timothy E. Baxter, P.C.*, No. 12-CV-11618, 2013 WL 866477, at *2 (E.D. Mich. Mar. 7, 2013) (approving a $140 hourly rate for paralegal services). Plaintiff's timesheets reveal that Mr. Nitzkin's paralegal did not bill for "purely clerical or secretarial tasks [that] should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Instead, the time sheets reflect only substantive work that is expected of a professional paralegal. In sum, the $375 hourly rates for Messrs. Nitzkin and Schwartz and the $160 hourly rate for Mr. Nitzkin's paralegal are reasonable.

4

II.  <u>Reasonable Number of Hours</u>

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. To carry the burden, attorneys must maintain time records detailed enough to enable courts to review the reasonableness of the hours expended. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). Courts then review the billing claims for, and exclude, "[e]xcessive, redundant, or otherwise unnecessary hours." *Butcher v. Bryson*, No. 3:12–00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 434).

Plaintiff submitted one spreadsheet detailing the work of Messrs. Nitzkin and Schwartz and the paralegal. ECF 19-2. As the Court ordered, Plaintiff included only work related to the litigation of the May 28, 2020 complaint for the current motion for attorneys' fees. ECF 18. Plaintiff now seeks an award for 6.1 hours of attorney work and 5.02 hours of paralegal work. ECF 19, PgID 97; ECF 19-2. In the Court's experience, 11.12 hours of work is reasonable for a default case. And detailed notations for each time entry convey substantive legal work such as "Carl Schwartz drafted motion for default judgment" and "reviewed file and notated litigation status." ECF 19-2 PgID 107. No notation shows that Plaintiff's attorneys billed time for excessive, redundant, or unnecessary work. In all, the hours billed by Plaintiff's attorneys were reasonable.

III.  Lodestar Amount

Based on the hours and rates discussed above, the lodestar amount for each member of Plaintiff's legal team is as follows:

- Messrs. Nitzkin and Schwartz: $2,287.50 (6.1 hours multiplied by $375).

- Mr. Nitzkin's paralegal: $803.20 (5.02 hours multiplied by $160).

- Total: $3,090.70

IV.  Other Factors

The lodestar calculation subsumes several of the *Johnson* factors.[2] Plaintiff briefed none of the factors, but the Court will address one of them. Given the unique default judgment posture of the present case, the only relevant factor that the Court can look at is the amount involved and the results obtained.

The Court awarded Plaintiff $1,700 in default judgment. ECF 14. She now seeks attorneys' fees of almost twice as much. But attorneys' fees that exceed the judgment are not per se unreasonable. *See Murphy v. Vaive Wood Prod. Co.*, 802 F. App'x 930, 934 (6th Cir. 2020) (affirming a $46,935 attorneys' fees award when the $6,700 damages award was "less than one percent of the amount of damages sought")

---

[2] For example, the reasonableness of hours worked and of hourly rates includes: "the time and labor required"; "the skill requisite to perform the legal service properly"; "the customary fee"; "time limitations imposed by the client or the circumstances"; "the experience, reputation, and ability of the attorneys"; and "the nature and length of the professional relationship with the client." *See Disabled Patriots of Am., Inc.*, 424 F. Supp. 2d at 965–66.

(emphasis omitted). Because Plaintiff's lawyers expeditiously prosecuted the case and achieved a positive result, the factor does not favor adjusting the lodestar amount.

Because no factor favors adjusting the lodestar amount, the Court will not adjust the lodestar calculation based on the *Johnson* factors.

V.   <u>Award</u>

The final attorneys' fees award is $3,090.70. Plaintiff is also entitled to receive her costs of service of process, which total $20. ECF 19, PgID 99; *see* 15 U.S.C. 1692k(a)(3) ("[T]he court may award . . . costs."). As a result, Plaintiff's total award for attorneys' fees and costs is $3,110.70.[3]

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion [19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED** $3,110.70 which includes $3,090.70 for attorneys' fees and $20 for costs.[4]

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 6, 2022

---

[3] The amount does not include the $400 filing fee that the Court already awarded to Plaintiff as costs for the litigation. ECF 13, PgID 36.
[4] Again, the amount does not include the $400 filing fee. ECF 13, PgID 36.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager